## GOLDSTEIN *v.* WALTER.

*(Common Pleas of New York City and County, General Term.* December 2, 1889.)

FACTORS AND BROKERS—REAL-ESTATE AGENTS—COMMISSIONS.

A real-estate agent who fails to induce the vendee to pay the price of land demanded by the owner, but predicts that the vendee will ultimately pay such price, is not entitled to commissions where the owner afterwards sells the land to others for such price, without knowledge that it was actually purchased for the vendee.[1]

Appeal from sixth district court.

Action by Gerson Goldstein, a real-estate broker, against George Walters, for commissions alleged to be due plaintiff for the sale of defendant's land. Judgment for plaintiff, and defendant appeals.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*August L. Martin,* for appellant. *David A. Sullivan,* for respondent.

PER CURIAM. The plaintiff was not the procuring cause of sale. There is no doubt that he made fruitful efforts to induce Thomas to buy the property, but he did not succeed. The proof is that Martin and Ray were the procuring cause of sale. The plaintiff utterly failed to induce Thomas, the

---

[1]As to when a real-estate broker will be held to have earned his commissions, see Hannan v. Moran, (Mich.) 38 N. W. Rep. 909, and note; Putnam v. How, (Minn.) 40 N. W. Rep. 258, and note; Ward v. Cobb, (Mass.) 20 N. E. Rep. 174, and note.

purchaser, to give the price that the defendant demanded and received for the property. Then Ray and Martin succeeded in getting Thomas to agree to pay the sum that the defendant had all the time named as his *minimum pretium*. The mere fact that he hazarded a prophecy that Thomas would at some future time accede to the defendant's terms does not at all aid the plaintiff. There is no room for charging collusion between the defendant and Martin and Ray, nor had the defendant notice of anything that could apprise him that Thomas was the secret purchaser of the property. The defendant did not sell to Thomas, to whom the plaintiff was endeavoring to sell the property. The sale was made to Martin, who professed to be, and was by the defendant believed to be, the purchaser. It is true that Martin bought for the benefit of Thomas, but that fact was studiously concealed from the defendant. The plaintiff himself conceded in his letter that he was not entitled to the commissions. He knew that he did not induce the purchaser to accept the terms on which the defendant agreed to sell, and finally did sell, the property. It seems to be the opinion of some of the justices of the district court that the broker who first brings the property to the notice of the purchaser is entitled to the commissions, even though the broker fails to obtain the price named by the seller, and though that price is afterwards obtained by the seller through the independent efforts of another broker. That erroneous view of the law seems to have led to the decision that was made in the court below.

Judgment reversed.